SAMUEL T. WHITMEE v. HON. J. E. ALBRITTON, as Sheriff of DeSoto County.

187 So. 370.
Division B.
Opinion Filed March 7, 1939.
Rehearing Denied April 3, 1939.

*W. D. Bell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, *Tyrus A. Norwood,* and *T. J. Ellis,* Assistant Attorneys General, for Defendant in Error.

WHITFIELD, P. J.—Upon petition filed by the attorney for Samuel T. Whitmee, a writ of habeas corpus was issued by a Justice of this Court and made returnable before a Circuit Judge as authorized by Section 5, Article V, of the Constitution. The writ commanded the Sheriff to include in his return to the Circuit Judge the cause of the alleged imprisonment of the petitioner. In the return of the Sheriff it is stated "that he holds said petitioner under and by virtue of a final commitment made and entered in the County Court in and for DeSoto County, Florida, as shown by a certified copy" attached to the Sheriff's return.

Such commitment contains the following:

"WHEREAS Samuel T. Whitmee having been duly convicted in our County Court of the County of DeSoto in the State of Florida of the crime of making worthless check, and judgment having been pronounced against him that he be punished by imprisonment by confinement in the county jail at hard labor for the term of 6 months, all of

which appearing to be as of record, and a certified copy of the judgment being endorsed hereon and made a part hereof. Now this is to command you, the said Sheriff, to take the said Samuel T. Whitmee convicted and sentenced as aforesaid, and him, the said Samuel T. Whitmee keep and imprison in the County Jail of the said County of DeSoto, for the term of 6 months and these presents shall be your authority for the same. Herein fail not."

The Circuit Judge entered the following final order:

"This cause coming on to be heard before me pursuant to the order of the Chief Justice of the Supreme Court of the State of Florida, upon the petition of the petitioner and return of the respondent, and the court having heard argument and being advised in the premises, is of the opinion that Chapter 9328, Laws of Florida, 1923, was not designed to punish the mere making of a check without the issuance thereof, and therefore the information is defective in not charging the delivery of the alleged check, but that such defect should have been taken advantage of by motion to quash, and it appearing from the return of the respondent that the defendant took no such advantage, but plead guilty to the charge set out in the information, and therefore the information is sufficient against the collateral attack, as is done in this habeas corpus procedure.

"It appears to the court however, upon an inspection of the record that the sentence of the court and the judgment predicated thereupon are defective in that they do not adjudge the defendant guilty of the charge set forth in the information and this should be corrected.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said petitioner, SAMUEL T. WHITMEE, be and he is hereby remanded to the respondent, J. E. Albritton, as Sheriff of DeSoto County, with directions that the said respondent J. E. Albritton shall take the said petitioner,

Samuel T. Whitmee, before the County Court of DeSoto County for the purpose of entering a proper judgment and sentence, according to law.

"DONE AND ORDERED in Chambers at Arcadia, DeSoto County, Florida, this the 6th day of August, 1937.

"W. T. Harrison,
"Judge of said Court."

"Judgment and sentence of the County Court appear:

"Sentence of the Court

"The Defendant, Samuel T. Whitmee, having entered his plea of guilty to making worthless check, the Court thereupon adjudges you guilty to making worthless check as charged. It is the sentence of the law and judgment of this Court, that you, Samuel T. Whitmee, for your said offense of making worthless check, pay a fine of $500.00 and the costs of this prosecution, or in default thereof, that you, for your said offense be confined in the County Jail of DeSoto County, Florida, at hard labor for 6 months.

"LEWIS E. PURVIS,
"County Judge."

Writ of error was allowed by the Circuit Judge and taken to the final order remanding the petitioner.

The information as shown by the petition alleges that petitioner herein "on the 28th day of November in the year of our Lord One Thousand Nine Hundred and Thirty-six, with force and arms at and in said County and State did, then and there, with intent to defraud Martin Brothers, a corporation of Florida, make for the payment of money a check on the Auburn Trust Co., Auburn, N. Y., knowing at the time of making of such check that he, the said Samuel T. Whitmee, did not then and there have suf-

ficient funds in, or credit, with, said trust company for the payment of said check in full upon presentation w.thin *or* reasonable time after the making thereof, said worthless check being in words and figures, tenor and effect as follows:

" 'Auburn, N. Y., Nov. 28, 1936.
" 'Pay to the order of  Cash  $6.00
Auburn Trust Co.  Six_____and no/100 Dollars
For———————————(Signed)  Samuel  T.  Whitmee
(Marked by bank: 'No Account'

"Against the forms of the Statute in such cases made and provided to the evil example of all others in the like cases offending, and against the peace and dignty of the State of Florida. Wherefore the said L. J. Robins, the Prosecuting Attorney in and for the said County of De-Soto, prays the advice of the Court in the premises, and that a capias may issue forthwith for the arrest of the said Samuel T. Whitmee and that he be held for trial under the foregoing information."

The statute under which the misdemeanor is charged in this case is Chapter 9328, Acts of 1923, its title and pertinent provisions being as follows:

"CHAPTER 9328—(No. 210).

"AN ACT Regulating the Issuance of Checks, Drafts and Orders for the Payment of Money Within the State of Florida and to Provide a Penalty for the Violation of this Act.

"Be It Enacted by the Legislature of the State of Florida:

"Section 1. That any person within the State of Florida who, with intent to defraud, shall make, draw, utter, or deliver any check, draft, or order for the payment of money upon any bank or other depository, knowing at the

time of such making, drawing, uttering, or delivering that the maker or drawer has not sufficient funds in or credit with such bank or other depository for the payment of such check, draft, or order in full upon its presentation, shall be guilty of a misdemeanor and punishable by imprisonment in County Jail for not more than six (6) months or by fine of not more than Five Hundred Dollars ($500.00), or both."

The provision is compiled as Section 7930, Compiled General Laws.

The title of the Act is fairly subject to the interpretation that it is "an Act regulating the issuance" "within the State of Florida" "of checks, drafts and orders for the payment of money" "and to provide a penalty for the violation of this Act." Such in effect is the provision in the body of the Act. The word, "issuance," as used in the title includes the words, "make, draw, utter or deliver," as used in the body of the Act. The title sufficiently expresses the subject of the Act and the Act defines a misdemeanor resulting from a violation of the Act. The information charges that the accused in DeSoto County, Florida, on November 28, 1936, "did then and there, with intent to defraud Martin Brothers, a corporation of Florida, make for the payment of money a check," etc. "Making" is included in the "issuance" of a check as used in the title of the Act, and under the Act to "make a check" etc., is a misdemeanor. The failure of the information to allege that the trust company on which the check was drawn was a "bank or other depository" is not a fatal defect rendering the information "void" as contended, but is a defect in pleading that does not make the information wholly inadequate to charge a misdemeanor so as to be subject to a collateral attack by habeas corpus, after a plea of guilty and judgment thereon.

Likewise the allegation that the check was made "with intent to defraud Martin Brothers, a corporation," when the check was made payable to "cash" and no delivery of the check is alleged, is not a fatal defect in the information that can be reached on habeas corpus after judgment on a plea of guilty. The information shows that the words, "no account" were "marked by bank" on the check, but the information does not show that the check was not endorsed by Martin Brothers.

Affirmed.

BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in the opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.